# United States District Court

For the

District of Massachusetts

Worcester Division

RYAN M. EARLY, INDIVIDUALLY                     )
AND AS SPECIAL PERSONAL                          )
REPRESENTATIVE OF THE ESTATE OF                  )
PAUL EARLY, MORGAN R. EARLY AND                  )
BRITTANY LEE EARLY                               )
                                                 )
                Plaintiffs                       )
                                                 )
                    v.                           )          COMPLAINT
                                                 )
JOSEPH BAFARO, JR., J.J. BAFARO, INC.,           )
JOSEPH EARLY, JOHN HANCOCK,                      )
RETIREMENT PLAN SERVICES, LLC, JOHN              )
HANCOCK LIFE INSURANCE COMPANY                   )
(U.S.A)                                          )
                                                 )
                Defendants                       )

## I. The Parties to this Complaint

1. Plaintiff Ryan M. Early is the Special Personal Representative of the Estate of
   Paul Harvey J. Early, pursuant to Worcester Probate Court Docket No.
   19P3561EA.

2. Plaintiff Ryan M. Early is a natural person having an address at 16 Ainsworth Hill
   Road, Wales, MA 01081.

3. Plaintiff Morgan R. Early is a natural person having an address at 14323
   Sandalfoot Street, Houston, Texas 77058.

4. Plaintiff Brittany Lee Early is a natural person having an address 14323
   Sandalfoot Street, Houston, Texas 77058.

5. Defendant Joseph Early is a natural person having a last known address at 25622
   East 89th Street, Broken Arrow, OK 74015.

6. Defendant John Hancock, Retirement Plan Services, LLC (hereinafter "John Hancock LLC") is a Massachusetts limited liability company with a principal place of business at 197 Clarendon Street, Boston, MA 02117, and administrator of the J.J. Bafaro, Inc. & Associated Companies 401(K) P/S Plan – Contract 24702 (hereinafter "the Plan").

7. Defendant John Hancock Life Insurance Company (U.S.A.) (hereinafter "John Hancock USA") is a foreign corporation with a principal office at 200 Berkeley Street, Boston, Massachusetts 02116, and is the parent company of John Hancock LLC.

8. Defendant Joseph J. Bafaro, Jr. is a natural person having an address at 5 Paul Revere Road, Worcester, MA 01609 and is the Trustee of the Plan.

9. Defendant J.J. Bafaro, Inc. (hereinafter "the Company") is a Massachusetts corporation with a principal place of business at P.O. Box 943, 13 Winter Street, Worcester, MA 01610, and is sponsor/creator of the Plan.

## II. Basis for Jurisdiction

10. This case involves a federal question pursuant to 29 U.S. Code Chapter 18 § 1451.

## III. Statement of Claim

11. On or about November 15, 2016, Paul H. Early died without a spouse leaving four children, Defendant Joseph Early and Plaintiffs Ryan M. Morgan, Morgan R. Early and Brittany Lee Early.  At the time of his death, Paul H. Early was employed by the Company.

12. At the time of his death, Paul H. Early had a 401(K) Retirement Account (hereinafter "the 401(K)") held by and administered through the Plan with an approximate balance of $69,981.03.

13. Paul H. Early had no beneficiary listed on his 401(K) account in the event of his death.

14. The legal beneficiary of Paul H. Early's 401(K) was the Estate of Paul H. Early upon his death.

15. Paul H. Early died intestate with no will or other estate plan.

16. Paul H. Early's heirs were his four children equally.

17. Soon after Paul H. Early's death, Joseph Early contacted John Hancock, LLC and Joseph J. Bafaro, Jr. to inquire about cashing out his father's 401(K).

18. With the assistance of Joseph J. Bafaro, Jr. and the Company, Joseph Early obtained and completed a claim form generated and provided by John Hancock LLC and John Hancock USA.

19. Joseph Early also obtained and submitted to Defendants Joseph J. Bafaro, Jr., John Hancock USA and John Hancock LLC an EIN number for Paul H. Early's Estate, Joseph Early Ex. *See Exhibit A, attached hereto.*

20. At no time did Joseph Early file a Probate Court petition in any state seeking to be appointed executor and/or personal representative of the Estate of Paul H. Early.

21. At no time did Joseph Early obtain any court appointment naming himself as executor and/or personal representative of the Estate of Paul H. Early.

22. In December, 2016, upon receipt of the withdrawal form and EIN letter from the IRS, John Hancock LLC, and John Hancock USA, wired net funds then in the amount of $59,483.88 to Joseph Early's personal bank account in Oklahoma.

23. In March, 2017, the Company made another contribution to Paul H. Early's 401(K) account in the amount of $3,281.42.

24. Following receipt of those funds on or about March 22, 2017 John Hancock LLC and John Hancock USA, again wired the funds in the amount of $2,747.47 to Joseph Early's personal account with no additional documentation submitted by Joseph Early.

25. Joseph Early never notified any of his siblings that he was liquidating Paul H. Early's 401(K) account.

**Count I**
**Conversion**
**as to Defendant Joseph Early**

26. The Plaintiffs restate paragraphs 1 – 25 and incorporates them by reference.

27. The Plaintiffs were the legal owners of the 401(K) account upon the death of Paul H. Early.

28. Defendant Joseph Early converted that ownership by wrongful acts inconsistent with the property rights of the Plaintiffs.

29. As a result, the Plaintiffs suffered damages.

## Count II
### Breach of Fiduciary Duty
### Pursuant to ERISA § 502 (a)(2)
### as to Defendants John Hancock, LLC,
### John Hancock USA, Joseph J. Bafaro, Jr.
### Individually and as Trustee of the Plan, and J.J. Bafaro, Inc.

30. The Plaintiffs restate paragraphs 1 – 29 and incorporates them by reference.

31. The Defendants are the plan fiduciaries.

32. The Defendants breached their fiduciary duties.

33. A cognizable loss to the participants and beneficiaries resulted.

## Count III
### Knowing Participation
### Pursuant to ERISA § 502 (a)(3)
### as to Defendants John Hancock, LLC, John Hancock USA

34. The Plaintiffs restate paragraphs 1 – 33 and incorporates them by reference.

35. A fiduciary breached a fiduciary duty under ERISA.

36. The Defendants had actual or constructive knowledge that the primary violator's activity was improper.

37. The Defendants participated in the improper activity.

38. The Plaintiffs suffered a cognizable loss as a result.

WHEREFORE, the Plaintiffs respectfully prays that this Honorable Court:

1. Enter judgment for the Plaintiff and against the Defendants;

2. Award damages to the Plaintiff from the Defendants in the amount necessary to compensate them for their damages;

3. Award Attorney fees; and

3. Enter any other relief deemed just and appropriate by this Honorable Court.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
the Plaintiffs
by their Attorney,

Robert A. George, Esq.
BBO #: 666118
George & Davis, PC
509 Main Street, PO Box 199
Sturbridge, MA 01566
Phone: (508) 347-7114
Fax: (508) 347-5627