UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RYAN M EARLY, et al.,<br>　　　　Plaintiffs,<br><br>　v.<br><br>JOSEPH BAFARO, JR., et al.,<br>　　　　Defendants. | CIVIL ACTION<br>NO. 20-40008-DHH |

**REPORT AND RECOMMENDATION**

**April 27, 2021**

Hennessy, M.J.

On January 22, 2020, Plaintiffs filed the instant complaint against Defendants Joseph Bafaro, Jr.; Joseph Early; J.J. Bafaro, Inc.; John Hancock, Retirement Plan Services, LLC; and John Hancock Life Insurance Company (U.S.A.). (Docket #1). All defendants, except for Joseph Early, have filed appearances. There is no poof of service upon Joseph Early in the docket.

Pursuant to Federal Rule of Civil Procedure 4(m), if a defendant is not served within ninety (90) days after the complaint is filed, the court on its own, after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Thus, on April 6, 2021, the undersigned ordered Plaintiffs to complete service upon Defendant Joseph Early by April 21, 2021. The undersigned warned Plaintiffs that failure to

comply with this order would result in the court's dismissal without prejudice of Defendant Joseph Early.

Despite this warning, Plaintiffs have not filed any proof of service upon Defendant Joseph Early. Therefore, the undersigned hereby directs the Clerk to reassign this matter to a district judge and recommends that the court dismiss Defendant Joseph Early without prejudice.[1]

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).